■ GLENDA SHERMAN, as Administratrix of the Estate of DAVID SHERMAN, Deceased, Appellant, v MARGOLIES & KOENIG et al., Defendants and Third-Party Plaintiffs-Appellants. MEDICAL INVESTIGATIVE SERVICES et al., Third-Party Defendants-Respondents.—In an action to recover damages for legal malpractice, the plaintiff and the defendants third-party plaintiffs separately appeal from an order of the Supreme Court, Kings County (Huttner, J.), dated October 10, 1989, which granted that branch of the motion of the defendants-third-party defendants which was for summary judgment dismissing the third-party complaint and cross-claim and dismissing the amended verified complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable by the plaintiff and the defendants third-party plaintiffs appearing separately and filing separate briefs.

The record reveals that the plaintiff commenced this action against the defendants Margolies & Koenig, Jerome J. Margolies and Arnold Koenig (hereinafter the Margolies defendants) for their alleged negligent failure to timely commence a medical malpractice action on her behalf. The Margolies defendants thereafter commenced a third-party action against Medical Investigative Services and Katherine S. Shires (hereinafter the Shires defendants), seeking contribution or indemnification on the ground that the failure to timely commence the medical malpractice action was occasioned by the failure of the Shires defendants to perform an agreement to obtain the written opinion of a medical expert regarding the case. The plaintiff then served an amended verified complaint naming the Shires defendants as additional defendants in the legal malpractice action, and the Margolies defendants served an answer thereto which contained a cross-claim for contribution or indemnification against the Shires defendants. The Supreme Court subsequently granted that branch of the motion of the Shires defendants which was for summary judgment dismissing all claims against them. We affirm.

Contrary to the contention of the Margolies defendants, the documentary evidence in the record, including several letters written by Jerome J. Margolies, unequivocally demonstrates the parties' understanding that the Shires defendants would only be able to provide a statement of expert medical opinion once all of the decedent's medical records, including those of his family physician, were supplied by the Margolies defendants. Inasmuch as the Margolies defendants failed to obtain some of the records, they did not meet this condition, and, as a matter of law the Shires defendants cannot be cast in liability for their failure to provide the statement of expert medical opinion. Accordingly, the order granting summary judgment in favor of the Shires defendants and dismissing all claims asserted against them was proper.

The remaining contentions raised by the Margolies defendants are either without merit or need not be considered in view of the foregoing determination. Sullivan, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.